WOODRUFF & SMART, APC
CAROLINE A. BYRNE - State Bar No. 196541
cbyrne@woodruff.law
BRIAN A. MOORE - State Bar No. 252900
bmoore@woodruff.law
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone:  (714) 558-7000
Facsimile:   (714) 835-7787

Attorneys for Defendants COUNTY OF ORANGE, a public entity, and DEPUTY JERRELL BOSLEY, DEPUTY JONATHAN CARMONA (erroneously named as J. Carmona (Badge #10628)), and DEPUTY DANIEL AGAR, as employees of COUNTY OF ORANGE, a public entity

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SINCLAIR,<br><br>             Plaintiff,<br><br>v.<br><br>COUNTY OF ORANGE, JERRELL BOSLEY, J. CARMONA (BADGE #10628), DANIEL AGAR, DOES 1-10,<br><br>             Defendants. | CASE NO.: 8:26-cv-00938-CV-KES<br><br>BEFORE THE HONORABLE CYNTHIA VALENZUELA COURTROOM 10B<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; DECLARATION OF BRIAN A. MOORE RE COMPLIANCE WITH LOCAL RULE 7-3**<br><br><u>HEARING DATES PENDING</u>:<br>TYPE:     Motion to Dismiss<br>DATE:     September 1, 2026<br>TIME:     10:00 a.m.<br>CTRM:    6D<br>JUDGE:   Hon. Karen E. Scott |

TO:  PLAINTIFF RYAN SINCLAIR:

PLEASE TAKE NOTICE that on September 1, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Karen E. Scott, in Courtroom 6D, 6th Floor, located at 411 West 4th Street, Santa Ana, CA  92701, Defendants COUNTY OF ORANGE, a public entity, ("County") and DEPUTY JERRELL BOSLEY ("Deputy Bosley"), DEPUTY JONATHAN CARMONA

1

4918-6540-4859, v. 1

(erroneously named as J. Carmona (Badge #10628)) ("Deputy Carmona"), and DEPUTY DANIEL AGAR ("Deputy Agar"), as employees of COUNTY OF ORANGE, a public entity, (sometimes collectively, "Defendants") will move for an order dismissing the following claims from Plaintiff's first amended complaint [Dkt. 6]: the first claim as to the County and Deputies Carmona and Agar, the second claim, the third claim, the fifth claim, the sixth claim, the eighth claim as to the County and Deputy Bosley, and the ninth claim. Defendants will also move for an order dismissing Paragraph (d) of Plaintiff's Request for Relief.

This motion is brought under Federal Rule of Civil Procedure 12(b)(6), on the following grounds:

(1) The first claim brought under the Fourth Amendment for excessive force fails to state a cognizable legal theory against the County and fails to state sufficient facts to support a claim for relief against Deputy Carmona or Deputy Agar.

(2) The second claim brought under the First Amendment fails to state sufficient facts to support a claim for relief.

(3) The third claim for intentional infliction of emotional distress fails to state a cognizable legal theory against the County and fails to state sufficient facts to support a claim for relief.

(4) The fifth claim for *Monell* liability based on custom, policy, and practice fails to state sufficient facts to support a claim for relief.

(5) The sixth claim for *Monell* liability based on failure to train and discipline fails to state sufficient facts to support a claim for relief.

(6) The eighth claim for failure to intervene fails to state a cognizable legal theory against the County and fails to state sufficient facts to support a claim for relief against Deputy Bosley.

///

///

2

(7) The ninth claim brought under the Bane Act fails to state a cognizable legal theory against the County and fails to state sufficient facts to support a claim for relief.

(8) There is no basis for Paragraph (d) of Plaintiff's Request for Relief which seeks to recover monetary damages for what essentially amount to unsupported, speculative, and premature discovery sanctions.

This motion is made following the conference of counsel pursuant to Local Rule 7-3. (Declaration of Brian A. Moore.) The parties were unable to reach an agreement regarding the issues identified in this motion, necessitating the bringing of this motion.

This motion is based on this notice, the attached memorandum of points and authorities, the attached declaration of Brian A. Moore, all pleadings and papers on file in this action, and upon such other documentary evidence as may be presented at or prior to the hearing on this motion.

DATED:  July 8, 2026                    WOODRUFF & SMART, APC


By:/s/ Brian A. Moore_____
    CAROLINE A. BYRNE
    BRIAN A. MOORE
    Attorneys for Defendants COUNTY OF ORANGE, a public entity, and DEPUTY JERRELL BOSLEY, DEPUTY JONATHAN CARMONA (erroneously named as J. Carmona (Badge #10628)), and DEPUTY DANIEL AGAR, as employees of COUNTY OF ORANGE, a public entity

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

3

4918-6540-4859, v. 1

# TABLE OF CONTENTS

**Page**

1.    INTRODUCTION .................................................................................8
    A.    Summary of Plaintiff's Complaint .........................................8
    B.    Standard of Review .............................................................11
2.    THE FIRST CLAIM FOR EXCESSIVE FORCE IS IMPROPER AS TO THE COUNTY AND IS FACTUALLY DEFICIENT AS TO DEPUTIES CARMONA AND AGAR...........................................................................13
    A.    The First Claim Improperly Attempts to State a Direct Claim Against the County.................................................................13
    B.    The First Claim is Factually Deficient as to Deputies Carmona and Agar .............................................................................13
3.    THE SECOND CLAIM FOR VIOLATION OF THE FIRST AMENDMENT IS DEFICIENT...................................................15
4.    THE THIRD CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS DEFICIENT ........................................15
    A.    The Third Claim is Factually Deficient .................................15
    B.    The Third Claim Improperly Attempts to State a Direct Claim Against the County.................................................................16
5.    THE FIFTH CLAIM FOR MONELL LIABILITY BASED ON CUSTOM, POLICY, AND PRACTICE IS FACTUALLY DEFICIENT....18
6.    THE SIXTH CLAIM FOR MONELL LIABILITY BASED ON FAILURE TO TRAIN AND DISCIPLINE IS FACTUALLY DEFICIENT ....................................................................................20
    A.    Failure to Train.....................................................................20
    B.    Failure to Discipline.............................................................23
7.    THE EIGHTH CLAIM FOR FAILURE TO INTERVENE IS IMPROPER AS TO THE COUNTY AND IS FACTUALLY DEFICIENT AS TO DEPUTY BOSLEY .........................................................................24
8.    THE NINTH CLAIM FOR VIOLATION OF THE BANE ACT IS DEFICIENT..........................................................................................25
9.    PLAINTIFF'S REQUEST FOR RELIEF SEEKS IMPROPER RELIEF....26
10.   CONCLUSION ......................................................................................26

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

4918-6540-4859, v. 1

## TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Arias v. Amador,* 61 F.Supp.3d 960 (E.D. Cal. 2014)..................................................14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)......................................................................11

*Balistreri v. Pacifica Police Department*, 901 F.2d 696 (9th Cir. 1990) ....................11

*Beliveau v. Caras*, 873 F. Supp. 1393 (C.D. Cal. 1995) .............................................12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).................................................11

*Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007)...................................20

*Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999) ........................................................21

*Christie v. Iopa*, 176 F.3d 1231(9th Cir. 1999) .........................................................23

*City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) ...............................................18

*Cordova v. Imperial Cnty. Narcotics Task Force*, No. 321CV00445BENDEB, 2022 WL 84409, at *20 (S.D. Cal. Jan. 7, 2022)..................................................19

*Cunningham v. Gates*, 229 F.3d 1271 (9th Cir.2000) .................................................25

*Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677 (9th Cir. 2009) ...................................12

*Dominguez v. Beame*, 603 F.2d 337 (2nd Cir. 1979) .................................................18

*Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011)..................................13, 21

*Espino v. City of Kingsville, Tex.*, 676 F.2d 1075 (5th Cir. 1982) ..............................18

*Flores v. Cnty. of Los Angeles*, 758 F.3d 1154 (9th Cir. 2014)..............................21, 22

*Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985)......................................23

*Henderson v. City of San Diego*, 2010 WL 11684755 (S.D. Cal. Feb. 16, 2010) .......13

*Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157 (C.D. Cal. 2018)..................19

*Jones v. Williams*, 297 F.3d 930 (9th Cir.2002)........................................................24

*Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784 (9th Cir. 2016) ...................................22

*Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991)........................................23

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) .....................................15, 20

*Leveron v. City of Santa Ana*, No. 822CV01267RGKMAR, 2022 WL 3575421 at *7 (C.D. Cal. July 22, 2022) ...........................................................................19

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

5

4918-6540-4859, v. 1

*Marquez v. City of San Leandro*, 2017 WL 5569820 (N.D. Cal. Nov. 20, 2017)........14

*Merritt v. Cnty. of L.A.*, 875 F.2d 765 (9th Cir. 1989) .................................................21

*Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978)................................................passim

*Mong Kim Tran v. City of Garden Grove*, 2012 WL 405088, at *4 (C.D. Cal. Feb. 7, 2012).........................................................................................................................22

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009).................................................12

*Price v. Sery*, 513 F.3d 962 (9th Cir. 2008)...................................................................21

*Ramorina v. County of Los Angeles*, 2024 WL 3468328  (C.D. Cal. 2024) ................14

*Redman v. County of San Bernardino*, 942 F.2d 1435 (9th Cir. 1991) .......................18

*Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) .................................25

*Rodriguez v. County of Los Angeles*, 891 F.3d 776 (9th Cir. 2018).......................17, 25

*Roy v. Contra Costa Cty.*, No. 15-cv-02672, 2016 WL 54119, at *4 (N.D. Cal. Jan. 5, 2016), aff'd, 694 F. App'x 536 (9th Cir. 2017) .......................................................19

*Scott v. Harris*, 550 U.S. 372 (2007) .......................................................................1, 13

*Sharp v. Cnty. of Orange*, 871 F.3d 901 (9th Cir. 2017)...............................................15

*Sheehan v. City and County of San Francisco*, 743 F.3d 1211 (9th Cir. 2014)...........23

*Ting v. United States,* 927 F.2d 1504 (9th Cir. 1991) ...................................................22

*United States v. Koon*, 34 F.3d 1416 (9th Cir.1994) ....................................................24

*Weiner v. San Diego Cnty.*, 210 F.3d 1025 (9th Cir. 2000) ..........................................13

*Weldon v. Conlee*, No. 1:13-CV-00540-LJO, 2015 WL 1811882 at *13 (E.D. Cal. Apr. 21, 2015), aff'd, 684 F. App'x 612 (9th Cir. 2017)................................................14

**FEDERAL STATUTES**

42 U.S.C. § 1983..................................................................................................passim

**STATE CASES**

*Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860 (2007)....................25

*Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766 (2017) ..............25

*Davidson v. City of Westminster,* 32 Cal.3d 197 (1982) ..............................................16

*Eastburn v. Regional Fire Protection Authority,* 31 Cal.4th 1175 (2003)...................17

*Fletcher v. W. Nat'l Life Ins. Co.,*10 Cal.App.3d 376 (1970) ......................................16

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

4918-6540-4859, v. 1

*Green Valley Landowners Association v. City of Vallejo*
241 Cal.App.4th 425 (2015) ....................................................................................17

*Rodriguez v. Inglewood Unified School Dist.*, 186 Cal.App.3d 707 (1986) ................17

*Searcy v. Hemet Unified School Dist.*, 177 Cal.App.3d 792 (1986) ............................16

*Thompson v. City of Lake Elsinore*, 18 Cal.App.4th 49 (1993) ...................................16

*Van Kempen v. Hayward Area Park, Recreation and Park District* (1972)
23 Cal.App.3d 822 .................................................................................................17

*Washington v. County of Contra Costa*, 38 Cal.App.4th 890 (1995)...........................17

*Zelig v. County of Los Angeles*. 27 Cal.4th 1112 (2002)...............................................17

**STATE STATUTES**

Civil Code section 52.1....................................................................................................9, 25

Civil Code section 1714.........................................................................................................17

Government Code section 815(a) .......................................................................................16

Government Code section 815.2...............................................................................8, 17, 26

Government Code section 815.6............................................................................................16

Government Code section 820................................................................................................8

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6)................................................................2, 15

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

4918-6540-4859, v. 1

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

### MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

Plaintiff alleges that on March 9, 2025, he was detained by Deputies Bosley, Carmona, and Agar in a CVS parking lot in Laguna Niguel. Plaintiff alleges that Deputy Bosley excessively tightened handcuffs on Plaintiff while Deputies Carmona and Agar were present. Plaintiff alleges that he has an extensive history with Orange County Sheriff's Department deputies which includes over 130 encounters over the past 20 years, with over 80% of those encounters being unlawful stops and seizures.

As a result of the March 9, 2025 incident, Plaintiff has sued the County and Deputies Bosley, Carmona, and Agar asserting claims under the Fourth and First Amendments, for municipal liability, as well as under California law. As discussed below, the first claim for excessive force improperly attempts to state a direct claim against the County and is factually deficient as to Deputies Carmona and Agar, the second claim for violation of the First Amendment is factually deficient, the third claim for intentional infliction of emotional distress improperly attempts to state a direct claim against the County and is factually deficient, the fifth and sixth claims brought under *Monell* are factually deficient, the eighth claim for failure to intervene improperly attempts to state a direct claim against the County and is factually deficient as to Deputy Bosley, and the ninth claim improperly attempts to state a direct claim against the County and is factually deficient. Further, Paragraph (d) of Plaintiff's Request for Relief which seeks monetary damages for what essentially amount to unsupported, speculative, and premature discovery sanctions is improper and should be dismissed.

### A.    Summary of Plaintiff's Complaint

Plaintiff's first amended complaint contains ten separate claims for: (1) Excessive Force (42 U.S.C. § 1983); (2) First Amendment (42 U.S.C. § 1983); (3) Intentional Infliction of Emotional Distress (Cal. Gov. Code §§ 820, 815.2); (4) Negligence (Cal. Gov. Code §§ 820, 815.2); (5) Monell (42 U.S.C. § 1983) Municipal Liability (Monell Liability) for Custom/Practice/Policy (U.S. Const. Amends. 1, 4 & 14); (6) Municipal

4918-6540-4859, v. 1

Liability (Monell Liability) for Failure to Train and/or Discipline Deputies and Officers (U.S. Const. Amends. 1, 4 & 14); (7) Assault & Battery (Cal. Gov. Code §§ 820, 815.2); (8) Failure to Intervene (42 U.S.C. § 1983); (9) Bane Act (Cal. Civ. Code § 52.1); and (10) False Arrest and Imprisonment.

Plaintiff alleges that on the morning of March 9, 2025, he drove to a CVS pharmacy in Laguna Niguel to pick up insulin. (¶ 11.) He alleges that while he was parked and about to exit his vehicle, he saw an Orange County Sheriff's Department vehicle drive in front of his vehicle and he recognized the driver as Deputy Bosley from a prior incident. (¶ 12.) Deputy Bosley then drove around to the back of Plaintiff's vehicle and stopped. Plaintiff then got out of his vehicle to walk into the store. Plaintiff alleges that Deputy Bosley yelled something at Plaintiff and then drove to the far end of the building near Albertson's. (¶ 13.) Plaintiff continued into CVS before realizing that the pharmacy was closed. Plaintiff then went back to his car to wait for the pharmacy to open and, while standing next to his vehicle, observed Deputy Bosley conferring with Deputy Agar who had arrived at the Albertson's in a separate patrol vehicle. (¶ 14.) Plaintiff alleges that he then observed the two deputies drive to the back of the parking lot and stop before proceeding to drive toward Plaintiff. Plaintiff alleges that he then knew that he was about to be unlawfully detained because it has happened over 130 times before with the Orange County Sheriff's Department. (¶ 15.)

Plaintiff alleges that he got out his cell phone to record and Deputy Bosley drove next to Plaintiff, got out of his vehicle, and said "what's up sir" to which Plaintiff answered "what's up." (¶ 15.) Plaintiff alleges that Deputy Bosely walked towards Plaintiff and asked him whether he was on probation or parole. Plaintiff refused to answer which Plaintiff alleges made Deputy Bosley extremely angry. (¶ 16, 17.) Plaintiff alleges that Deputy Bosley then started to harass Plaintiff and falsely accuse him of whatever came to his mind. (¶ 18.) Plaintiff asked Deputy Bosley if he remembered him and Bosley answered that he did not. (¶ 19.)

///

9

4918-6540-4859, v. 1

About a minute later, Deputy Agar approached on foot and the deputies handcuffed Plaintiff. Deputy Carmona is alleged to have arrived while Plaintiff was being handcuffed. (¶ 20.) Plaintiff alleges that he then told the three deputies that he did not consent to a search of his person or vehicle. Plaintiff also stated to make sure the deputies' body cameras were on because he would be asking for the video. Plaintiff alleges that Deputy Bosley said he was going to search Plaintiff and asked about items and keys in Plaintiff's pocket. Plaintiff was then placed in the back of Deputy Bosley's patrol vehicle. (¶ 21.)

Plaintiff alleges that after about 20 minutes, Plaintiff was removed from the patrol vehicle and released. Deputies Carmona, Agar, and Bosley along with an unknown deputy stood around Plaintiff to unhandcuff him. Plaintiff alleges that Deputy Bosley tightened the handcuffs as hard as he physically could while laughing hysterically and that the cuffs cut into Plaintiff's skin causing pain. Plaintiff alleges that Deputy Bosley tightened and lifted Plaintiff's wrist causing the cuffs to break on his left wrist which caused Deputy Bosley to laugh louder. Plaintiff alleges that this caused him emotional pain because he was in public and people were watching. (¶ 22.) Plaintiff alleges that because the handcuffs were broken and still attached to Plaintiff's wrist, Deputy Bosley had to go to a patrol vehicle to get bolt cutters and cut the handcuff off of Plaintiff's wrists. (¶ 24.)

Plaintiff alleges that Deputy Bosley then wrote Plaintiff a ticket for littering, throwing an object, and obstruction and told Plaintiff to get a life. Plaintiff alleges that the District Attorney's Office declined to file charges. (¶ 25.)

Plaintiff alleges that he requested the body camera video less than two hours after being unhandcuffed and that his request was denied. Plaintiff alleges that he has tried to obtain the video through other avenues but has been unable to obtain the video. (¶ 26.)

Plaintiff alleges that over the past 20 years, Plaintiff has had over 130 encounters with the Orange County Sheriff's Department with over 80% of those encounters being

4918-6540-4859, v. 1

unlawful stops and seizures outside of any probationary period. (¶ 28.) Plaintiff alleges that he has been profiled and has had racial comments made against him. (¶ 29, 30.) Plaintiff alleges his belief that he is the "most stopped person in the whole United States of America outside of persons who suffers from mental health or substance abuse issues." (¶ 29.)

### B.   Standard of Review

A motion to dismiss is properly granted where a plaintiff fails to plead a cognizable legal theory or fails to plead sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). In order to overcome a motion to dismiss, a complaint must contain facts that raise the right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "does not need detailed factual allegations," but it is "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. A complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id*. at 570.

The Supreme Court later reaffirmed the thrust of *Twombly*, stating:

As the Court held in *Twombly*, [citation], the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [Citation] A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [Citation] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' [Citation]

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the court must accept all properly pleaded factual allegations as true, the

11

4918-6540-4859, v. 1

court need not accept conclusory allegations or legal characterizations as true. *Beliveau v. Caras*, 873 F. Supp. 1393, 1395-1396 (C.D. Cal. 1995); *see also Iqbal*, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009).

The court in *Iqbal* identified two "working principles" governing motions to dismiss. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

In considering a motion to dismiss, a court may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. *Id*. at 679. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Id*. In sum, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

///

///

///

///

///

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

## 2. THE FIRST CLAIM FOR EXCESSIVE FORCE IS IMPROPER AS TO THE COUNTY AND IS FACTUALLY DEFICIENT AS TO DEPUTIES CARMONA AND AGAR

### A. The First Claim Improperly Attempts to State a Direct Claim Against the County

Plaintiff's first claim for excessive force under the Fourth and Fourteenth Amendments purports to be asserted against "all Defendants," including the County. However, a local government cannot be held liable for 42 U.S.C. section 1983 violations under a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *see Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000) ("Pursuant to 42 U.S.C. § 1983, a local government may be liable for constitutional torts committed by its officials according to municipal policy, practice, or custom.").

Accordingly, an excessive force claim cannot properly be asserted directly against a public entity; rather, a public entity can only be directly liable for municipal liability under *Monell*. Plaintiff's first claim for excessive force is thus improper as to the County and should be dismissed as to the County.

### B. The First Claim is Factually Deficient as to Deputies Carmona and Agar

"In an excessive force case, the reasonableness inquiry 'is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Henderson v. City of San Diego*, 2010 WL 11684755, *4 (S.D. Cal. Feb. 16, 2010), citing *Scott v. Harris*, 550 U.S. 372, 397 (2007). An excessive force claim is not sufficiently pled where there are no facts to explain how the officers' force was excessive, nor for what purpose the force was applied. *See, e.g., Marquez v. City of San*

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

4918-6540-4859, v. 1

*Leandro*, 2017 WL 5569820, *2-3, (N.D. Cal. Nov. 20, 2017) (finding the plaintiffs' vague descriptions in the complaint did not sufficiently allege a claim for excessive force because it was not explained how the force was excessive and for what purpose it was applied). To survive a motion to dismiss, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

An officer may use handcuffs to effectuate an otherwise lawful arrest without implicating the Fourth Amendment." *Weldon v. Conlee*, No. 1:13-CV-00540-LJO, 2015 WL 1811882, at *13 (E.D. Cal. Apr. 21, 2015), aff'd, 684 F. App'x 612 (9th Cir. 2017). "Typically, an excessive force claim for tight handcuffing only applies where a plaintiff claims to have been demonstrably injured by the handcuffs or where complaints about the handcuffs being too tight were ignored." *Ramorina v. County of Los Angeles*, 2024 WL 3468328 (C.D. Cal. 2024), citing *Arias v. Amador,* 61 F.Supp.3d 960, 976 (E.D. Cal. 2014) (cleaned up).

Here, the first claim asserts, without factual support, that Deputies Bosley, Carmona, and Agar unlawfully detained and used excessive force against Plaintiff, including by using handcuffs to injure Plaintiff's wrist "while tightening them as tight as they could go." (¶ 34.) However, the complaint does not include any facts that Deputy Carmona was involved in the handcuffing ("Deputy Carmona also showed up while the handcuffs were being placed on plaintiff" (¶ 20)) nor does it include any facts to support that Deputy Agar was involved in the alleged excessive force. Rather, the complaint alleges that "they (Deputies Bosley and Agar) put plaintiff in handcuffs." (¶ 20) This allegation is insufficient to support a claim for excessive force against Deputy Agar. Only Deputy Bosley is alleged to have tightened the handcuffs excessively. (¶ 22.) As Deputy Carmona is not alleged to have been involved in the handcuffing at all, and Deputy Agar is only alleged to have participated in placing Plaintiff in handcuffs – not excessively tightening them, the first claim fails to state sufficient facts to support an excessive force claim against Deputy Carmona or Deputy Agar and the claim should be

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

4918-6540-4859, v. 1

dismissed as to these defendants.

## 3. THE SECOND CLAIM FOR VIOLATION OF THE FIRST AMENDMENT IS DEFICIENT

To establish a retaliation claim under the First Amendment," a plaintiff must plead that "(1) the officer's conduct would chill or silence a person of ordinary firmness from future First Amendment activities, and (2) the officer's desire to chill speech was a but-for cause of the adverse action." *Sharp v. Cnty. of Orange*, 871 F.3d 901, 919 (9th Cir. 2017) (internal quotations omitted). The Ninth Circuit requires a "heightened pleading standard" for claims where "subjective intent is an element of a constitutional tort action." *Lee v. City of Los Angeles*, 250 F.3d 668, 680 n.6 (9th Cir. 2001). Under this standard, a plaintiff must state "nonconclusory allegations setting forth evidence of unlawful intent" to survive a 12(b)(6) motion, and these allegations must be "specific and concrete enough to enable the defendants to prepare a response." *Id*.

Here, Plaintiff alleges that the deputies engaged in the alleged misconduct because they did not like Plaintiff's response to the question whether he was on parole or probation. (¶¶ 16-18.) However, Plaintiff has not alleged any facts to support that the alleged conduct would chill or silence a person of ordinary firmness or that the deputies' desire to chill speech was a but-for cause of the conduct. Plaintiff has thus failed to meet the heightened pleading standard by failing to plead nonconclusory allegations setting forth evidence of unlawful intent. Accordingly, Plaintiff's second claim fails to allege sufficient facts and should be dismissed.

## 4. THE THIRD CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS DEFICIENT

### A. The Third Claim is Factually Deficient

In order to prevail on a claim for intentional infliction of emotional distress, a plaintiff must show: (1) extreme and outrageous conduct by defendant; (2) defendant's intent to cause severe emotional distress; and (3) severe emotional distress suffered by the plaintiff (4) as a proximate result of defendant's conduct. *Fletcher v. W. Nat'l Life*

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

15

*Ins. Co.*,10 Cal.App.3d 376, 394 (1970); *Davidson v. City of Westminster,* 32 Cal.3d 197, 209 (1982). "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Ibid*.

Here, Plaintiff's intentional infliction of emotional distress claim fails to allege any facts to show that any of the deputies engaged in extreme or outrageous conduct or acted with intent to cause Plaintiff emotional distress. The only actions alleged are that Deputy Bosley excessively tightened the handcuffs and laughed at Plaintiff. (¶¶ 22-24.) These allegations are insufficient to show conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community" as required by *Davidson*. Further, no factual allegations are alleged to show that either Deputy Carmona or Deputy Agar engaged in extreme or outrageous conduct. Rather, they are simply alleged to have stood by and watched Deputy Bosely allegedly tighten the handcuffs excessively.

Further, no facts are alleged to show that Plaintiff suffered severe emotional distress. Plaintiff alleges that he has trouble sleeping and the mere sight of police makes him afraid (¶ 44), but Plaintiff also alleges that he has been stopped on 130 other occasions. (¶28.) Accordingly, even if trouble sleeping and being afraid of police officers was sufficient to allege severe emotional distress for purposes of an intentional infliction of emotional distress claim, there are no facts alleged that Plaintiff suffered severe emotional distress due to the subject incident.

## B.    The Third Claim Improperly Attempts to State a Direct Claim Against the County

The tort liability of local public agencies is governed by the Government Claims Act. The Government Claims Act abolishes all forms of common law or judicially declared liability against public entities and provides that a public entity can be held liable only when such liability is mandated by statute. *Thompson v. City of Lake Elsinore*, 18 Cal.App.4th 49, 62-63 (1993). Sections 815, subdivision (a) and 815.6 require an authorizing statute or enactment before a governmental entity can be liable in tort. *Searcy v. Hemet Unified School Dist.*, 177 Cal.App.3d 792, 798 (1986). The

16

4918-6540-4859, v. 1

specific statute must be alleged in the complaint. *Washington v. County of Contra Costa*, 38 Cal.App.4th 890, 896 (1995).

There is no common law tort liability for public entities. *Green Valley Landowners Association v. City of Vallejo*, 241 Cal.App.4th 425, 441-442 (2015). In both *Zelig v. County of Los Angeles*, 27 Cal.4th 1112 (2002), and *Eastburn v. Regional Fire Protection Authority,* 31 Cal.4th 1175 (2003), the California Supreme Court held that when direct liability is sought against a public entity, there must be a specific statute either declaring the entity to be liable or creating a specific duty of care apart from the general tort principles found in Civil Code section 1714. The Supreme Court in *Zelig* noted:

> Although the Act provides that a public employee generally is liable for an injury caused by his or her act or omission "to the same extent as a private person" [citation] and that, when the act or omission of the public employee occurs in the scope of employment the public entity will be vicariously liable for the injury [citation], the Act contains no provision similarly providing that a public entity generally is liable for its own conduct or omission to the same extent as a private person or entity. Rather, the Act provides that a public entity is not liable for an injury "[e]xcept as otherwise provided by statute. . ." (27 Cal. 4th at 1127-1128 [citation omitted].)

Thus, common law causes of action are impermissible against public entities since such claims are not based upon statute. *Van Kempen v. Hayward Area Park, Recreation and Park District*, 23 Cal.App.3d 822, 825 (1972); *Rodriguez v. Inglewood Unified School Dist.*, 186 Cal.App.3d 707, 715-716 (1986).

Here, while the caption of the third claim cites to Government Code 815.2, the claim itself does not include any allegations of vicarious liability against the County. Rather, this claim is improperly pled as a direct claim against the County. As noted above, this is improper because the County is liable only as provided by statute and

17

4918-6540-4859, v. 1

Plaintiff has not alleged liability based on statute.

**5.    THE FIFTH CLAIM FOR MONELL LIABILITY BASED ON CUSTOM, POLICY, AND PRACTICE IS FACTUALLY DEFICIENT**

The fifth claim for municipal liability is based on the County having unconstitutional policies. This claim is factually deficient and should be dismissed.

A municipality may not be held liable under *Monell* for alleged wrongful actions of its employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or if the alleged constitutional violation was "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell, supra,* 436 U.S. 690-691; *see also Redman v. County of San Bernardino*, 942 F.2d 1435, 1444 (9th Cir. 1991).

It is Plaintiff's burden to allege the County's customs, policies or practices with specificity and to submit sufficient facts to show that these customs, policies or practices were the moving force behind the alleged violation. In *Dominguez v. Beame*, 603 F.2d 337 (2nd Cir. 1979), the court explained the plaintiff's burden in order to prevail against a municipality. The court stated that, first, a plaintiff must show the governmental entity maintained or practiced an unconstitutional or unlawful policy or custom, and second, that the policy or custom caused or was the moving force behind the violation. *Id.* at 341. An alleged violation of a plaintiff's constitutional rights by the police does not establish liability unless the two-pronged test has been met. *Espino v. City of Kingsville, Tex.*, 676 F.2d 1075, 1078 (5th Cir. 1982).

In *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (1985), the Supreme Court explained that proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* unless there is proof that the incident was caused by an existing unconstitutional policy attributable to a municipal policymaker. Where a policy is not unconstitutional, considerably more proof than a single incident

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

4918-6540-4859, v. 1

will be necessary. *Id.* at 824. "While the Court recognizes the inherent difficulty of identifying specific policies absent access to discovery, that is nonetheless the burden of plaintiffs in federal court." *Roy v. Contra Costa Cty.*, No. 15-cv-02672, 2016 WL 54119, at *4 (N.D. Cal. Jan. 5, 2016), aff'd, 694 F. App'x 536, 537 (9th Cir. 2017) (finding that the plaintiff had "not alleged anything that suggests a link to any City or County policy to arrest individuals without probable cause or to violate their constitutional rights while in custody, or failure to have a policy to train employees with respect to such rights"); *see also Ashcroft v. Iqbal*, 556 U.S. at 678 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

A plaintiff's *Monell*-based claims must be pled with specificity. *Leveron v. City of Santa Ana*, No. 822CV01267RGKMAR, 2022 WL 3575421, at *7 (C.D. Cal. July 22, 2022). A plaintiff must "'(1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur.'" *Cordova v. Imperial Cnty. Narcotics Task Force*, No. 321CV00445BENDEB, 2022 WL 84409, at *20 (S.D. Cal. Jan. 7, 2022) (quoting *Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1167 (C.D. Cal. 2018)).

Here, there are no facts alleged to show that the County had a custom, policy, or practice that was the moving force behind the alleged constitutional violation. Rather, Plaintiff makes the supported allegation that the County previously engaged in racial profiling involving Plaintiff. (¶¶ 28-32.)  However, Plaintiff has not alleged any specific customs, policies, or practices alleged to be unconstitutional nor has Plaintiff alleged facts that the County had such customs, policies, or practices. Plaintiff's allegation that "[t]his (i.e., stopping pedestrians to ask if they are on probation or parole and using excessive force) is a common policy that has been expressed verbally to plaintiff before

19

4918-6540-4859, v. 1

in the past" along with unsupported, anecdotal allegations of past alleged misconduct are insufficient to show the existence of specific customs, policies, or practices or that such customs, policies, or practices were the moving force behind the alleged constitutional violation. Plaintiff's failure to allege sufficient facts in support of this claim are illustrated by his apparent use of form pleadings that do not identify the specific issues at hand but rather include bracketed examples. (See ¶¶ 51-53 "regarding [specific issue, e.g., use of force, stop-and-frisk].")

As Plaintiff has failed to allege any facts to show that the County, in fact, had alleged unconstitutional customs, policies, or practices, Plaintiff's fifth claim lacks the required factual support and should be dismissed.

## 6. THE SIXTH CLAIM FOR MONELL LIABILITY BASED ON FAILURE TO TRAIN AND DISCIPLINE IS FACTUALLY DEFICIENT

Plaintiff's sixth claim for municipal liability based on a failure to train and discipline theory appears to blend failure to train and ratification claims. This claim contains conclusions and labels without any supporting factual content. There are no facts alleged regarding what training program was in place, how it was inadequate, how it caused the alleged constitutional violation, or how a final policymaker is alleged to have ratified the conduct of the deputies involved in the alleged misconduct. More specific fact pleading is required.

### A. Failure to Train

In order to state a claim for failure to train, the plaintiff must demonstrate that: (1) the plaintiff "was deprived of a constitutional right"; (2) "the [agency] had a training policy that amounts to deliberate indifference to the constitutional rights of the persons with whom its police officers are likely to come into contact"; and (3) the plaintiff's "constitutional injury would have been avoided had the [agency] properly trained those officers." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007) (alterations and internal quotation marks omitted) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001)).

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

20

To proceed on a failure to train claim, a plaintiff must satisfy the three-part test set out by the U.S. Supreme Court in *City of Canton*, 489 U.S. 378, 390-91 (1989). First, the adequacy of the training must be determined "in relation to the tasks the particular officers must perform." *Id*.; *Merritt v. Cnty. of L.A.*, 875 F.2d 765, 770 (9th Cir. 1989) (citations omitted). A program is adequate if it "enable[s] officers to respond properly to the usual and recurring situations with which they must deal." *City of Canton*, 489 U.S. at 391. Second, even if the program is found inadequate, the municipality will be liable for failure to train under section 1983 only if the failure to train "reflects deliberate indifference to the constitutional rights of its inhabitants." *Id*. This is a stringent standard. *Id*. "That a particular officer may be unsatisfactorily trained will not alone ... fasten liability on the city, for the shortcomings may have resulted from factors other than a faulty training program." *Id*. at 390-91. Isolated incidents or random acts are insufficient to establish liability, nor will negligent administration of an otherwise sound program suffice. *Id*. at 391. Third, plaintiffs bear the burden of proving that the deficiency in training "actually caused" the ultimate injury, that is, that the injury would have been avoided had the officer been trained under a program that was not deficient. *Id*.

Because "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact," *Canton*, 489 U.S. at 388, a plaintiff "must demonstrate a 'conscious' or 'deliberate choice on the part of a municipality in order to prevail on a failure to train claim," *Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) (quoting *Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008)). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Christie v. Iopa*, 176 F.3d 1231, 1240 (9th Cir. 1999) (internal quotation marks omitted). Therefore, "mere negligence in training or supervision . . . does not give rise to a *Monell* claim." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

21

Factual specificity is required when making a failure to train claim. In *Mong Kim Tran v. City of Garden Grove*, 2012 WL 405088, at \*4 (C.D. Cal. Feb. 7, 2012) the court found that a conclusory allegation of inadequate police training was insufficient to state a *Monell* claim where the plaintiff did not plead specific allegations regarding what the trainings were, how they were deficient, or how they caused plaintiff harm. Also, liability for failure to train cannot be established simply by showing that an injury could have been avoided if a public employee had better or more training. *Ting v. United States,* 927 F.2d 1504, 1512 (9th Cir. 1991).

Here, Plaintiff attempts to hold the County liable under a failure to train theory, alleging that the County "failed to provide adequate training to its sworn personnel regarding use of force, leading directly to the constitutional violations complained of herein." (¶61.) Plaintiff's failure to train claim is inadequate for at least two reasons. First, Plaintiff has not alleged a "pattern of similar constitutional violations by untrained employees" as needed to demonstrate deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Plaintiff must include facts to show that the County was provided sufficient notice of the purported training deficiencies so as to establish "the conscious disregard for the consequences of their action . . . necessary to trigger municipal liability." *Id*. "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id*. Second, Plaintiff does not sufficiently allege facts suggesting this claim falls within "the narrow range of circumstances [in which] a pattern of similar violations might not be necessary to show deliberate indifference." *Flores*, 758 F.3d at 1159 (quoting *Connick*, 563 U.S. at 63). In these "rare" cases, a "showing of 'obviousness' can substitute for the pattern of violations ordinarily necessary to establish municipal culpability." *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 794 (9th Cir. 2016) (quoting *Connick*, 563 U.S. at 63). Plaintiff also has failed to allege facts as to what the County's trainings were. See *Mong Kim Tran*, 2012 WL 405088, at \*4.

4918-6540-4859, v. 1

Plaintiff's allegations are insufficient as they are conclusory and lack the necessary factual content regarding the County's training program. Plaintiff's claim does not support a conclusion that the County had a constitutionally inadequate training program in place at the time of the incident. Due to the lack of adequate facts, Plaintiff's sixth claim should be dismissed.

## B. Failure to Discipline

To establish liability on a ratification theory, Plaintiff must include *facts* that a policymaker with final policymaking authority regularly and/or routinely ratified unconstitutional actions of its officers such that the officers are somehow encouraged to engage in unconstitutional conduct because they knew such conduct would be sanctioned by the County. *See, e.g., Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991) (the Los Angeles Police Chief "set a tone which condoned and encouraged the use of excessive force . . .").

As stated by the court in *Sheehan v. City and County of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014) (quoting *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999)), "[t]o show ratification, a plaintiff must prove that the 'authorized policymakers approve a subordinate's decision and the basis for it.'" As the *Wolcott* court found, simply alleging that a policymaker knew of a subordinate's unconstitutional act and that the policymaker refused to overrule or discipline the subordinate is not enough to show ratification. *Wolcott*, 2023 WL 8224902, at *8. To show ratification, the plaintiff must prove that an authorized policymaker approved of a subordinate's decision and the basis for it. *Id.* Alleging a failure to discipline, without more, is not sufficient to show ratification. *Id.*

In sustaining the county's motion to dismiss the plaintiffs' ratification claim in *Wolcott*, the court stated:

> [T]he claim is bereft of factual allegations regarding when, how, or in what
> manner the municipality ratified or approved of the Deputy and/or

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

23

Sergeants Defendants' conduct. Although the Wolcotts identified some of the final policymaker(s) involved in a potential ratification, they still fail to provide factual allegations explaining how or in what manner these policymakers ratified the Deputy and/or Sergeants Defendants' behavior. *Id.* at *9.

Here, Plaintiff's allegations of failure to discipline are boilerplate in nature and fail to meet the above pleading requirements. Plaintiff has not alleged any facts to support that a final policymaker ratified the conduct of the involved deputies after being informed regarding the facts of the incident or that a final policymaker had a history of ratifying the use of excessive force. Conclusory allegations of a failure to discipline, without explanation of how the conduct was ratified, are insufficient.

**7. THE EIGHTH CLAIM FOR FAILURE TO INTERVENE IS IMPROPER AS TO THE COUNTY AND IS FACTUALLY DEFICIENT AS TO DEPUTY BOSLEY**

Plaintiff's eighth claim for failure to intervene is brought against "all Defendants," including the County. As with Plaintiff's excessive force claim, Plaintiff's failure to intervene claim cannot properly be asserted directly against a public entity; rather, a public entity can only be directly liable for municipal liability under *Monell*. Accordingly, the eighth claim is improper as to the County and subject to dismissal.

Further, the eighth claim fails to allege sufficient facts to state a claim for failure to intervene against Deputy Bosley. Individuals can be held liable under section 1983 only upon a showing of personal participation in the alleged civil rights deprivation. *Jones v. Williams*, 297 F.3d 930, 934-935 (9th Cir.2002). *United States v. Koon*, 34 F.3d 1416, 1447, fn.26 (9th Cir.1994), held personal involvement also can extend to a failure to intercede: "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen."

To establish liability for failure to intercede, the plaintiff must establish his constitutional rights were violated in the presence of each officer against whom liability

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

24

is asserted and there was sufficient time for each said officer to intervene to stop the alleged violation. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir.2000).

Plaintiff fails to state facts to show that Deputy Bosely violated Plaintiff's constitutional rights by failing to intercede. There are no facts alleged to show that other officers violated Plaintiff's constitutional rights in Deputy Bosley's presence and that he had an opportunity, but failed, to intercede to prevent the violation. Rather, Deputy Bosley is the deputy alleged to have used force against Plaintiff. Accordingly, the eighth claim fails to allege sufficient facts to support a claim against Deputy Bosley.

**8. <u>THE NINTH CLAIM FOR VIOLATION OF THE BANE ACT IS DEFICIENT</u>**

The elements of a claim under the Bane Act are: 1) the defendant interfered with or attempted to interfere with the plaintiff's constitutional or statutory right by threatening or committing violent acts, 2) that the plaintiff reasonably believed that if he exercised his constitutional right the defendant would commit violence against him or his property or that the defendant injured plaintiff or his property to prevent him from exercising his constitutional right or to retaliate against the plaintiff for having exercised his constitutional right, 3) that the plaintiff was harmed, and 4) that the defendant's conduct was a substantial factor in causing the plaintiff's harm." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 882 (2007).

Further, as held in *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018), "the Bane Act requires 'a [sic] *specific* intent to violate the arrestee's right to freedom from unreasonable seizure.'" (Emphasis added.) Similarly, the court in *Rodriguez v. County of Los Angeles*, 891 F.3d 776 (9th Cir. 2018), also noted that the Bane Act requires "a showing of the defendant's specific intent to violate the plaintiff's constitutional rights." (891 F. 3d at 799 (citing *Reese*, 888 F.3d at 1042-43).) In *Cornell v. City and County of San Francisco*, 17 Cal. App. 5th 766, 834 (2017), the court said that "the egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

4918-6540-4859, v. 1

freedom from unreasonable seizure."

Plaintiff's complaint is devoid of facts to show that the deputies acted with a specific intent to violate Plaintiff's constitutional rights. Plaintiff has simply alleged that Deputy Bosley excessively tightened the handcuffs on Plaintiff and laughed at him while the other deputies looked on. There are no facts to show that any of the deputies, in allegedly doing so, acted with a specific intent to violate Plaintiff's rights. That is, even if Plaintiff could show that Deputy Bosley used excessive force or that the other deputies failed to intercede (which Defendants dispute), Plaintiff has still not alleged facts to support that any of the deputies acted with a specific intent to violate Plaintiff's rights. Accordingly, Plaintiff's claim under the Bane Act is deficient and should be dismissed.

Further, Plaintiff's Bane Act claim is asserted against "all Defendants," including the County. There are no references to Government Code section 815.2 or any allegations of vicarious liability against the County. Rather, this claim is improperly pled as a direct claim against the County and, at a minimum, should be dismissed as to the County.

## 9.    PLAINTIFF'S REQUEST FOR RELIEF SEEKS IMPROPER RELIEF

Paragraph (d) of Plaintiff's Request for Relief prays as follows "[i]f any Body/Dash camera footage is intentionally deleted or edited where evidence is removed or defaulted judgment in attempt to never provide the footage be compensated $2,000,000."  In addition to be unintelligible, this portion of the prayer appears to essentially seeks discovery sanctions against Defendants prior to any discovery having been conducted. Accordingly, this portion of Plaintiff's prayer for relief lacks any legal support, is improper, and should be dismissed.

## 10.    CONCLUSION

For the reasons stated herein, the first claim should be dismissed as to the County and Deputies Carmona and Agar, the second, third, fifth, sixth, and ninth claims should be dismissed in their entirety, and the eighth claim should be dismissed as to the County

26

4918-6540-4859, v. 1

and Deputy Bosley. Further, Plaintiff's prayer for monetary damages in Paragraph (d) of Plaintiff's Request for Relief is improper and should be dismissed.

DATED: July 8, 2026                            WOODRUFF & SMART, APC


By:*/s/ Brian A. Moore*
    CAROLINE A. BYRNE
    BRIAN A. MOORE
    Attorneys for Defendants COUNTY OF ORANGE, a public entity, and DEPUTY JERRELL BOSLEY, DEPUTY JONATHAN CARMONA (erroneously named as J. Carmona (Badge #10628), and DEPUTY DANIEL AGAR, as employees of COUNTY OF ORANGE, a public entity

## CERTIFICATE OF COMPLIANCE WITH RULE 11-6.1

The undersigned, counsel of record for Defendants COUNTY OF ORANGE, a public entity, and DEPUTY JERRELL BOSLEY, DEPUTY JONATHAN CARMONA (erroneously named as J. Carmona (Badge #10628)), and DEPUTY DANIEL AGAR, as employees of COUNTY OF ORANGE, a public entity, certifies that this brief contains 6,570 words, which complies with the word limit of L.R. 11-6.1.


DATED:  July 8, 2026                          By: */s/ Brian A. Moore*
    BRIAN A. MOORE

27

4918-6540-4859, v. 1

## DECLARATION OF BRIAN A. MOORE

I, Brian A. Moore, declare as follows:

1.      I am an attorney duly licensed to practice law before all courts of the State of California as well as before this Court. I am a Principal of Woodruff & Smart, A Professional Corporation, attorneys of record for Defendants COUNTY OF ORANGE, a public entity, and DEPUTY JERRELL BOSLEY, DEPUTY JONATHAN CARMONA (erroneously named as J. Carmona (Badge #10628)), and DEPUTY DANIEL AGAR, as employees of COUNTY OF ORANGE, a public entity (collectively "Defendants"). I make this declaration as required by Local Rule 7-3, setting out the pre-filing meet and confer between myself and Plaintiff RYAN SINCLAIR ("Plaintiff").

2.      On June 26, 2026, I caused to be emailed and mailed to Plaintiff a meet and confer letter regarding Defendants' anticipated motion to dismiss. This letter set out the legal and factual basis for moving to dismiss the claims for relief that are the subject of this motion (first, second, third, fifth, sixth, eighth, and ninth) as well as Paragraph (d) of Plaintiff's request for relief. This letter included my availability to meet and confer with Plaintiff.

3.      Plaintiff and I then discussed Defendants' anticipated motion to dismiss via Zoom on July 1, 2026. Plaintiff indicated a willingness to further review the issues raised in my letter and discussed during our call but, given the time constraints for filing a motion to dismiss the amended complaint, we were not able to extend the time to respond to the amended complaint. As Plaintiff and I were not able to reach an agreement regarding the substance of this motion, Defendants bring the instant motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of July, 2026, in Costa Mesa, California.

/s/ *Brian A. Moore*
BRIAN A. MOORE

<div style="text-align:left; font-size:small">WOODRUFF & SMART<br>ATTORNEYS AT LAW<br>COSTA MESA</div>

28

4918-6540-4859, v. 1

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On July 8, 2026, I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; DECLARATION OF BRIAN A. MOORE RE COMPLIANCE WITH LOCAL RULE 7-3**

☒   by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☒   **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒   **(BY ELECTRONIC SERVICE)** I caused a copy of the foregoing document(s) to be transmitted electronically via electronic mail from electronic service address dcastillo@woodruff.law to the persons at the e-mail address(es) listed in the attached Service List.

☐   **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by GSO/GLS and/or FedEx to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF & SMART for collection and processing of documents for overnight delivery and said envelope(s) will be deposited for receipt by GSO/GLS and/or FedEx on said date in the ordinary course of business.

☐   **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐   **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on July 8, 2026, at Costa Mesa, California.

*/s/ Diane Castillo*_____
Diane Castillo

29

4918-6540-4859, v. 1

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

**RYAN SINCLAIR v. COUNTY OF ORANGE, et al.**

**USDC, CENTRAL DISTRICT OF CALIFORNIA
CASE NO. 8:26-cv-00938-CV-KES**

**ASSIGNED FOR ALL PURPOSES TO
HONORABLE CYTHIA VALENZUELA
COURTROOM 10B**

**<u>SERVICE LIST</u>**

Ryan Sinclair                                                    Plaintiff, PRO SE
P.O. Box 2081
Laguna Hills, CA  92654
Telephone: (949) 289-0744
Email:  sin-ron123@hotmail.com

WOODRUFF & SMART
ATTORNEYS AT LAW
COSTA MESA

30

4918-6540-4859, v. 1